**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| IN RE ANDREW YOUNG, | ) | |
| | ) | Case No. 2:25-cv-154 |
| | ) | Bankruptcy Case No. 17-22665 |
| | ) | |

**OPINION AND ORDER**

Andrew Young, representing himself, appeals an order entered in his bankruptcy case denying his motion to reconsider Bankruptcy Judge Ahler's decision to convert Young's chapter 11 bankruptcy to one under chapter 7. DE 1. Because conversion of the case from chapter 11 to chapter 7 was consistent with the code and relevant caselaw, it was not an abuse of discretion by the bankruptcy judge. Accordingly, the judgment of the bankruptcy court will be affirmed.

**Background**

The Lake County Treasurer sought summary judgment in Young's bankruptcy requesting the conversion of Young's chapter 11 bankruptcy into a chapter 7 bankruptcy. [Bkrtcy. Case No. 17-22665, DE 1280.] The bankruptcy court granted summary judgment and converted Young's case. [Bkrtcy. Case No. 17-22665, DE 1504, DE 1505.] The bankruptcy court determined that conversion was appropriate because Young failed to timely pay post-petition taxes. The bankruptcy court further noted that Young engaged in foot dragging by failing to file a reorganization plan and disclosure statement for nearly five years. (He only made such a filing once the Treasurer moved for summary judgment). Finally, there were no unusual circumstances that excused

these failures or established that conversion was not in the best interest of the creditors and the estate. [Bkrtcy. Case No. 17-22665, DE 1504.] For all these reasons, Judge Ahler converted the bankruptcy from a chapter 11 to a chapter 7.

Young sought reconsideration. [Bkrtcy. Case No. 17-22665, DE 1522.] In that motion, Young argued the bankruptcy court erred in its application of the summary judgment standard, that his failure to timely pay post-petition taxes was immaterial and should not have been a basis for conversion, that there is no implicit deadline for the filing of a reorganization plan and disclosure statement, and that, regardless, there are unusual circumstances in this case that make conversion not in the best interests of the creditors and the estate. [Bkrtcy. Case No. 17-22665, DE 1523; DE 1643, 2.] The bankruptcy court denied Young's motion to reconsider. [Bkrtcy. Case No. 17-22665; DE 1643.] Young then sought review of that decision in this court. [DE 1.]

As he usually does in his frequently-filed bankruptcy appeals, Young designated a staggering number of issues for appeal (forty-seven, in this case), many of which are duplicative, frivolous, or an attempt to splice a singular issue into multiple. Instead of filing a substantive response, the Lake County Treasurer moved to dismiss Young's appeal on the basis that he lacked standing, which I denied. [DE 7; DE 21.] With the motion to dismiss disposed of, the parties briefed the merits of the issues presented by this appeal, and it is now ripe for decision.

**Legal Standard**

In reviewing a bankruptcy court's decision pursuant to 28 U.S.C. § 158(a), the district court functions as an appellate court and is authorized to affirm, reverse,

modify, or remand the bankruptcy court's ruling. Fed. R. Bankr. P. 8013. The standard for review of bankruptcy court decisions depends upon the issue being reviewed. Findings of fact are upheld unless clearly erroneous; legal conclusions are reviewed *de novo*. *Id.*; *In re Marrs-Winn Co., Inc.*, 103 F.3d 584, 589 (7th Cir. 1996).

In the context of a decision to convert a chapter 11, a bankruptcy court has broad discretion, and I review the decision for abuse of discretion. *Northbrook Loans, LLC v. BlackAMG*, 555 B.R. 680, 682 (N.D. Ill. 2015) ("There is no question that under 11 U.S.C. § 1112(b), a bankruptcy court 'has broad discretion to dismiss or convert a chapter 11 case for cause, and its decision is reviewed for an abuse of discretion.'") (quoting *Han v. Linstrom*, 2002 WL 31049846, at *4 (N.D. Ill. Sept. 12, 2002); *In re Aurora Memory Care, LLC*, 589 B.R. 631, 638 (Bankr. N.D. Ill. 2018) ("Whether to dismiss or convert the case is a decision entrusted to the bankruptcy court's discretion.") (citing *In re Ramreddy, Inc.*, 440 B.R. 103, 115 (Bankr. E.D. Pa. 2009).

**Discussion**

As mentioned above, Young has designated forty-seven issues on appeal. Many of the issues are duplicative; others split a single issue into several; still more are not actually argued in his briefing; and then there are those that are entirely new issues that have nothing to do with the bankruptcy court decision he seeks review of. At the appellate level, raising *ten* separate issues—let alone forty-seven—has been bemoaned as an ineffective "shotgun approach" that is generally discouraged and risks "obscuring significant issues by dilution." *U.S. v. Stokes*, 726 F.3d 880, 887 (7th Cir. 2013) (quoting *Gagan v. Am. Cablevision, Inc.,* 77 F.3d 951, 955 (7th Cir.1996)); *see also Fifth Third Mortg.*

*Co. v. Chi. Title Ins. Co.*, 692 F.3d 507, 509 (6th Cir. 2012) ("When a party comes to us with nine grounds for reversing the district court, that usually means there are none.").

Moreover, the issues Young designates that were not raised in the motion for summary judgment or motion for reconsideration briefing (for example, that he was not insolvent at the time of the conversion order)[1] are new issues. A party cannot raise new arguments or issues for the first time on appeal, so these will not be considered. *Crothersville Lighthouse Tabernacle Church, Inc. v. Church Mut. Ins. Co., S.I.*, 168 F.4th 483, 490 (7th Cir. 2026). However, while Andrew Young is no stranger to this court, he is still a *pro se* litigant, so I will liberally construe his *properly*-designated issues on appeal in a way in which they can best be understood and adjudicated.

The issues that are properly before me on Young's appeal of the bankruptcy court's denial of his motion to reconsider the granting of the Treasurer's motion for summary judgment concern the conversion of his chapter 11 bankruptcy to a chapter 7 bankruptcy. Under 11 U.S.C. § 1112(b), a party in interest can request the conversion or dismissal of a case pending under chapter 11 for cause. There is no brightline test for what constitutes cause, and bankruptcy judges, in their discretion, consider a range of factors to determine what is in the best interests of the creditors and the estate. *In re*

[1] Young describes this issue as "the most important fact of all," [DE 5, 6,] yet it is not brought up anywhere in his summary judgment briefing or summary judgment reconsideration briefing. He argues that the issue was "a matter of record" because he filed a summary of his assets and liabilities that showed more assets than liabilities [DE 25, 16], but a potential interpretation of his solvency from his self-reported financial summary filings is a far cry from raising the issue in the briefing for the order now being appealed. It is not enough that a potential argument may have been lingering somewhere in the record. *Crothersville Lighthouse Tabernacle Church, Inc.*, 168 F.4th at 491 ("When a litigant selects among possible arguments at summary judgment, the normal consequence is that he waives those not advanced.").

*Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) ("[A] bankruptcy court has 'wide discretion' to determine if cause exists, and if cause is present, to decide whether to convert the case to one under chapter 7 or to dismiss.") (citation omitted).

Some of these factors are specifically enumerated in Section 1112(b)(4), but that list is neither exhaustive nor exclusive. 11 U.S.C. § 1112(b); *In re Brooks*, 488 B.R. 483, 489 (Bankr. N.D. Ga. 2013). The bankruptcy court may convert the case "for reasons not specifically enumerated in the section, provided that these reasons are sufficient to demonstrate the existence of cause." *In re Colon Martinez*, 472 B.R. 137, 144 (BAP 1st Cir. 2012) (citation omitted). Moreover, a singular factor can be "sufficient, standing alone, to establish cause under the statute." *Id.* (citation omitted). Below, I will go through the factors the bankruptcy court considered (or that Young thinks should have been considered) that are properly before me on appeal.

**I. Failure to Timely Pay Post-Petition Property Taxes**

A major focus of Young's appellate briefing is the bankruptcy court's reliance on his failure to timely pay his post-petition taxes as a basis for conversion. No less than a dozen of Young's forty-seven asserted issues for appeal relate directly to this. [DE 5, 5-12.] In essence, Young argues that the bankruptcy court erred in concluding that his missing of a tax payment was proper grounds for conversion. Young tells me that it was Lake County's fault that his post-petition property taxes were not paid in 2018 because it "misdirected" and "misapplied" the payment; that the amount he was taxed was improper; and that regardless, he cured the issue by belatedly paying the taxes

prior to the conversion so the late payment should not have been considered by the bankruptcy court. *Id.*

First, a failure to pay post-petition taxes is undoubtedly proper grounds for conversion. While not all grounds for conversion are listed in 11 U.S.C. § 1112(b)(4), *this one is*. Indeed, Section 1112(b)(4)(I) states, rather forthrightly, that cause exists to convert a chapter 11 case if a debtor fails to "timely pay taxes owed after the date of the order for relief[.]" 11 U.S.C. § 1112(b)(4)(I).

Second, Young's argument that his failure to pay the property tax was due to Lake County misdirecting and misapplying his payment fails when one examines the details that Andrew Young himself provides. Young is referring to a large tax payment he made in February of 2020 (far after the 2018 taxes were owed) that he intended to cover past due taxes, but that Lake County instead applied towards upcoming taxes. [DE 5, 7, 14; Bkrtcy. Case No. 17-22665, DE 1314-1, 13.] But this is unavailing. Even if Lake County understood his payment in 2020 as being for his 2018 taxes instead of his upcoming tax bill, that payment would still be very late, so Section 1112(b)(4)(I)—which is concerned with the "timely" paying of taxes owed—would still be a proper ground for conversion. This is something that the bankruptcy court properly addressed in its summary judgment order and its order on the motion for reconsideration. [Bkrtcy. Case No. 17-22665, DE 1504, 14; DE 1643, 8.]

Third, the issue of whether his Indiana taxes were proper is an issue Young has fully litigated in state court and now runs headlong into the *Rooker-Feldman* doctrine. Andrew Young litigated these tax issues in Indiana state court, and the Indiana Court of

Appeals ruled against him. *D.A.Y. Investments LLC v. Lake County*, 106 N.E. 3d 500 (Ind. Ct. App. 2018). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction to review a state court judgment. *Thompson v. Majchrowicz*, 2022 QL 1104933 (S.D. Ind. April 13, 2022). Indeed, this is exactly what the bankruptcy court found when adjudicating this matter back in 2021. [Bkrtcy. Case No. 17-22665, DE 1001.]

Fourth, as the bankruptcy court noted in its summary judgment order and its order on his motion for reconsideration, a party does not get a pass if they pay the taxes late but get that late payment in before the court issues an order converting the case on those grounds. Under Section 1112(b)(4)(I), there is cause to convert if the debtor does not "timely" pay post-petition taxes. U.S.C. § 1112(b)(4)(I). Young has provided no legal authority to the contrary. Young has failed to show that the bankruptcy court erred in finding cause for conversion based on his late payment of post-petition taxes, and, in any event, as described more below, this is not the only sufficient factor the bankruptcy court relied upon.

**II. Failure to Timely File a Reorganization Plan and Disclosure Statement**

The bankruptcy court also found cause for conversion because Young failed to file a reorganization plan and disclosure statement *for nearly five years*. Young argues that the bankruptcy court did not set a specific deadline for these to be filed, and thus that his failure to file them for nearly five years cannot constitute cause to convert his bankruptcy into a chapter 7 proceeding.

While it appears that the Seventh Circuit has not addressed this exact issue, I agree with the bankruptcy court and other courts that have found that, at bottom, a

plan and disclosure statement must be filed within a reasonable time. First, Section 1112(b)(4)(J) states that cause exists for conversion if the debtor fails to "file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court[.]" 11 U.S.C. § 1112(b)(4)(J). "[T]he filing of a plan of reorganization is 'central' to successful chapter 11 cases, for a plan is the 'framework for the debtor's reorganization and successful exit from bankruptcy[.]'" *In re Brooks*, 488 B.R. 483, 490 (Bankr. N.D. Ga. 2013) (quoting *In re Babayoff*, 445 B.R. 64, 78 (Bankr. E.D.N.Y. 2011).

Second, even if a specific date for filing a plan is not provided, a debtor may not "wallow in chapter 11" indefinitely, and many courts require that a plan be filed within a reasonable period of time. *Babayoff*, 445 B.R. at 79. If a debtor fails to file a plan within a reasonable period of time, "relief under Section 1112(b)(4)(J) should follow." *Id.* What's more, the Code specifically provides that it is the duty of a debtor to file a plan of reorganization "as soon as practicable." *Cf.* 11 U.S.C. §§ 1106(a)(5), 1107(a). This further supports the general practice of bankruptcy courts requiring that a plan be filed within a reasonable period of time under Section 1112(b)(4)(J). Evidently, Judge Ahler didn't think that lurking around in bankruptcy for five years without submitting these key documents was particularly reasonable, and neither do I.

Third, even if this cause for conversion did not fall under Section 1112(b)(4)(J), it would still be proper grounds for relief. As stated above, the causes listed in Section 1112(b)(4) are not exhaustive. A bankruptcy court may convert "for reasons not specifically enumerated in the section, provided that these reasons are sufficient to demonstrate the existence of cause." *In re Colon Martinez*, 472 B.R. at 144. Finding cause

to convert because a debtor failed to file a plan of reorganization or a disclosure statement while lingering in chapter 11 for nearly five years is not an abuse of the bankruptcy court's considerable discretion.

Fourth, this determination is not outcome-determinative. Even if Young were correct that his failure to file a reorganization plan or disclosure statement for nearly five years did not constitute cause for conversion because the bankruptcy court did not provide him with a specific date by which to do so, there would still be grounds to convert because (as noted above) Young had failed to timely pay his post-petition taxes. *Id.* at 144 ("One ground, however, is sufficient, standing alone, to establish cause under the statute.") (citation omitted).

**III. Absence of Unusual Circumstances**

Even if a bankruptcy court finds cause to convert, it may not convert the case to a chapter 7 proceeding if it finds "unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2). If the court finds that unusual circumstances exist, it must also find that the debtor (or any other party in interest) has established that the grounds for converting or dismissing the case include an act or omission—other than under paragraph (4)(a)—that has a reasonable justification or will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2). While the movant has the burden to show cause, the burden shifts to the debtor to establish that it meets the requirements for this exception. *In re Aurora Memory Care, LLC*, 589 B.R. at 638.

The bankruptcy court found that this exception did not apply, and many of Young's asserted issues on appeal are aimed at this. In essence, he throws a number of circumstances at the wall to see if any of them will strike the court as unusual. Notably, he asserts that the amount of time it took the court to rule on the motion to convert was unusual, that the time it took Lake County to process his paperwork and appeals was unusual, that COVID-19 was unusual, that COVID-19 and the fact that Young himself had a case of COVID-19 during the pendency of his bankruptcy was unusual, and that his tax and contract disputes in this litigation were unusual.

The Bankruptcy Code does not define "unusual circumstances." *Id.* However, courts usually interpret it to mean facts that are not common in a chapter 11 case. *Id.* Because these inquiries are fact-intensive, they are especially subject to the bankruptcy court's broad discretion. *In re Costa Bonita Beach Resort, Inc.*, 513 B.R. 184, 195 (Bankr. D. P.R. 2014) ("The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. A determination of unusual circumstances is fact intensive and contemplates facts that are not common to chapter 11 cases.") (citations omitted); *In re Marrs-Winn Co., Inc.*, 103 F.3d at 589 ([T]he bankruptcy court's findings of fact are upheld unless clearly erroneous[.]").

Young seems to misunderstand this exception and his burden under it. Under the first prong, it is his burden to show an unusual circumstance that establishes that converting the case is *not in the best interests of the creditors and the estate*, not just to show an unusual circumstance generally. I find that the bankruptcy court did not abuse its

discretion in finding that Young failed to meet his burden in showing that the unusual circumstances establish that conversion is in the best interests of the creditors and the estate.

The bankruptcy court found that the debtor was languishing in bankruptcy and that the bankruptcy estate was comprised of several parcels of real estate that a chapter 7 trustee would be able to more quickly and effectively evaluate to the benefit of the creditors and the estate. The facts, for example, that Young had COVID or that it took time for the bankruptcy court to rule on the motion to convert (which this Court believes was mostly to the benefit of Young, as it gave him more time to provide a plan and show progress, which he failed to do), do not themselves show that conversion is in the best interest of the creditors and the estate.

Moreover, the bankruptcy court did not abuse its discretion in finding that these circumstances were not unusual at all. For example, Young contends that his tax dispute with Lake County was an unusual circumstance. But as the bankruptcy court noted, tax disputes are anything but unusual in a bankruptcy proceeding. [Bkrtcy. Case No. 17-22665; DE 1643, 16.] Likewise, his contention that he is embroiled in a contract dispute constituting an unusual circumstance is also insufficient, as it is a common issue in bankruptcy that bankruptcy courts often find to not qualify as an unusual circumstance. *In re ARS Analytical, LLC*, 433 B.R. 848, 865 (Bankr. D. N.M. 2010).

The bankruptcy court evaluated the record and decided within its discretion that Young had not shown sufficient circumstances to qualify for this exception. Here, I will also note Young's argument that the bankruptcy court erred in not having an

evidentiary hearing to delve into these issues. This is not a requirement, nor do I find it to be reversible error in this case, where the bankruptcy court had a sufficient record to review. *See, e.g.*, *Paradigm Elizabeth, LLC v. Empire TFI Jersey Holdings, LLC*, 560 B.R. 238 (D. N.J. 2016) (finding that a bankruptcy court "did not abuse its discretion when it failed to order an evidentiary hearing" prior to dismissing a case).

### IV. The Bankruptcy Court's Application of the Summary Judgment Standard and Guiding Bankruptcy Principles

With the meat of Young's arguments that are properly before me on appeal dealt with, I turn to some of his more sweeping contentions. Young argues that the bankruptcy court applied an "unduly stringent summary judgment standard" and that it "disregarded the 7th Circuit's guiding principal [*sic*]" for adjudicating Chapter 11 cases. [DE 5, 5.] Young fails to develop either of these arguments, and, on the record before me, I disagree with both of them.

The bankruptcy court correctly stated the standard of review and applied that standard in its summary judgment order. [Bkrtcy. Case No. 17-22665, DE 1504.] Young's argument here appears to be related to his argument that the bankruptcy court did not contend with some additional disputed facts he included in his voluminous briefing, [DE 5, 1-11,] but those additional facts were peripheral and not relevant to the core reasons discussed above that animated the bankruptcy court's decision to convert the case. "Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 1997).

I also do not find that the bankruptcy court disregarded its guiding principle under Chapter 11. As Young states, it is true that chapter 11 "is intended to 'permit[] business debtors to reorganize and restructure their debts in order to revive the debtors' businesses.'" *In re A&F Enterps, Inc. II*, 742 F.3d 763, 769 (7th Cir. 2014) (quoting *Toibb v. Radloff*, 501 U.S. 157, 163 (1991)). Indeed, chapter 11 offers business debtors an opportunity to save their businesses, but that opportunity comes with obligations. *See Wolf v. Weinstein*, 372 U.S. 633, 651 (1963) ("[T]he court's willingness to leave the Debtor in possession is premised upon an assurance that the officers and managing employees can be depended upon to carry out the fiduciary responsibilities of a trustee."). A debtor is not guaranteed a right to maintain their chapter 11 status, and if they fail to meet their obligations, their case may be converted to chapter 7. The bankruptcy court reviewed the arguments and the record, and found that Young had not satisfied his obligations, forfeiting the privilege of his chapter 11 status. Far from disregarding its guiding principle, the bankruptcy court performed its obligations under the Bankruptcy Code when it converted this case. 11 U.S.C. § 1112(b).

**Conclusion**

Finding no abuse of discretion, the bankruptcy court's decision to deny Young's motion to reconsider the conversion of his Chapter 11 bankruptcy is **AFFIRMED**.

SO ORDERED.

ENTERED: August 25, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT